IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOSTON CULINARY GROUP, INC.,** | : |
| Plaintiff | : |
| v. | : CIVIL NO. 1:CV-08-0045 |
| **JDK CATERING, INC.,** | : |
| Defendant | : JUDGE SYLVIA H. RAMBO |
| and | : |
| **PENNSYLVANIA CULINARY GROUP, LLC,** | : |
| Nominal Defendant | : |

# **M E M O R A N D U M**

The instant case arises out of a contract dispute between Boston Culinary Group, Inc. ("BCG") and JDK Catering, Inc. ("JDK") concerning their partnership in Pennsylvania Culinary Group, LLC ("Pennsylvania Culinary"). On July 20, 2009, the court issued a memorandum and order denying JDK's motion for summary judgment, and granting BCG's partial motion for summary judgment. In a footnote in that memorandum, the court stated:

> After reading the parties submissions, it is clear that neither party appears to be concerned with the contractual niceties that BCG's breach of contract claims are premised upon alleged breaches by JDK of contracts that JDK had with Pennsylvania Culinary rather than BCG. Both parties appear to concede that Pennsylvania Culinary is merely a nominal party, and that BCG and JDK are the real parties in interest both in this lawsuit and the contracts that are the subject of dispute of this lawsuit.

(Doc. 40, slip op. at 7 n.1.) In its pretrial memorandum, JDK raised the issue of whether the court's language in this footnote highlights a deficiency in the court's

subject matter jurisdiction. In short, the dispute is whether Pennsylvania Culinary really is a nominal party. If so, then the court must disregard its citizenship for purposes of diversity jurisdiction. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980). If, however, Pennsylvania Culinary has more than a nominal interest in this case, then complete diversity of citizenship is compromised and this court lacks subject matter jurisdiction. The court had the parties submit letter briefs on this issue at the pretrial conference. (*See* Docs. 57 & 58.)

I.      **Citizenship of Pennsylvania Culinary**

The first issue for the court to decide is how to determine the citizenship of Pennsylvania Culinary. The Third Circuit has not yet addressed how the citizenship of a limited liability company ("LLC") like Pennsylvania Culinary is to be determined. Other courts in this district, however, have consistently held that citizenship of an LLC is determined like that of a limited partnership, by imputing to it the citizenship of its members. *See, e.g., Kalian at Poconos, LLC v. Saw Creek Estates Community Assoc., Inc.*, 275 F.Supp.2d 578, 586 (M.D. Pa. 2003). The court adopts this approach as it is in accord with the reasoning of the United States Supreme Court in *Carden v. Akoma Assocs.*, 494 U.S. 185, 190 (1990), which held that the citizenship of a limited partnership is to be determined by looking at the citizenship of its partners. Thus, Pennsylvania Culinary is a citizen of both Massachusetts and Pennsylvania.

**II.     Nominal Party**

The Third Circuit has defined a nominal party as one without "any real interest in the litigation." *Bumberger v. Ins. Co. of North Am.*, 952 F.2d 764, 767 (3d Cir. 1991). The court prefers this basic definition over others cited by the parties because of its inherent flexibility. Most of the cases cited by the parties point the court towards an analysis under Federal Rule of Civil Procedure 19. While that rule—dealing with joinder—may provide guidance to the court, it is not necessary to the court's analysis. Furthermore, most of the cases cited by the parties dealt with Rule 19 prior to the 2007 Amendments to the rules, which disposed of the "necessary" and "indispensable" distinctions discussed in those cases. Nonetheless, the court recognizes that whether a party has "any real interest in the litigation" will often coincide with the factors addressed in Rule 19(b), and the court will turn to that rule for guidance.[1] *Id.*

Rule 19(b) sets out four requirements for the court to consider when the joinder of a party would defeat subject matter jurisdiction. The court should consider:

> (1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions of the judgment;
>     (B) shaping the relief; or
>     (C) other measures;

---

[1] The court will not address the issues under Rule 19(a). That rule focuses on the joinder of parties that would not deprive the court of subject matter jurisdiction and is not well suited to an analysis of whether Pennsylvania Culinary is a nominal party. If Pennsylvania Culinary is more than a nominal party this court does not have jurisdiction. Thus, the analysis under Rule 19(b) is more well-suited to assist the court in determining whether Pennsylvania Culinary has any real interest in the litigation.

> (3) whether a judgment rendered in the persons absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). A brief analysis of these factors makes it clear that Pennsylvania Culinary does not have a real interest in this litigation such that it is more than a nominal party. At the most basic level, Pennsylvania Culinary has an interest in the litigation because the Management Agreement is between it and JDK, and the receivables owed under the Operating Agreement are owed to Pennsylvania Culinary. However, the dealings of these parties suggest that Pennsylvania Culinary does not have interests separate and apart from BCG and JDK. The only two members of Pennsylvania Culinary are BGC and JDK, and, as the Third Circuit has suggested in an analogous case, a partnership—or LLC in this case—"like a marionette, cannot make a move unless some human being pulls the strings." *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1191 (3d Cir. 1996). Thus, while Pennsylvania Culinary has a superficial interest in this case, neither it nor its constituent parts—BCG and JDK—would be prejudiced by Pennsylvania Culinary's absence from the case. The court has no doubt that the interests of Pennsylvania Culinary can be adequately represented by JDK and BCG.

Furthermore, any prejudice befalling Pennsylvania Culinary could be lessened through the shaping of a judgment. For instance, if JDK is concerned about Pennsylvania Culinary bringing a separate suit, the court could require the parties to release all claims by Pennsylvania Culinary against JDK because all of the partners of Pennsylvania Culinary are present in this action. Similarly, the court cannot say that a judgment rendered in this case would be inadequate without the

more than nominal presence of Pennsylvania Culinary. Again, because both JDK and BCG can bind Pennsylvania Culinary, any judgment in this case can be resolved between BCG and JDK. While technically the proceeds from any judgment would have to pass through Pennsylvania Culinary, this formality does not mean that Pennsylvania Culinary has any interests that are not protected by the parties already present, or that a judgment could not reasonably be crafted to resolve all of the conflicts between JDK and BCG.

It is BCG and JDK who stand to benefit from the court's resolution of this case not Pennsylvania Culinary. Thus, the court finds that Pennsylvania Culinary has no real interest in this litigation separate and apart from the interests of BCG and JDK, and is therefore nothing more than a nominal party whose citizenship is irrelevant for purposes of this court's subject matter jurisdiction. As such, the court finds that there is complete diversity of citizenship between the real parties in interest, and that it retains subject matter jurisdiction to resolve the dispute.

### III.     **Admissibility of Plaintiff's Exhibits 5-9**

At the pretrial conference, counsel for Defendant raised certain issues concerning the admissibility pursuant to Federal Rule of Evidence 1006 of certain summaries prepared by Plaintiff. The parties requested that if the court retains subject matter jurisdiction that they be given an opportunity to brief the issues concerning the admissibility of Plaintiff's exhibits 5 through 9. The court will permit briefing, and the parties shall submit their briefs of no more than 5 pages to the court by no later than September 1, 2009. The parties should be ready to

proceed with trial immediately after jury selection on September 8, 2009. The court will issue an appropriate order.

s/Sylvia H. Rambo<br>United States District Judge

Dated: August 25, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOSTON CULINARY GROUP, INC.,** : <br> **Plaintiff** : <br> v. : <br> **JDK CATERING, INC.,** : <br> **Defendant** : <br> and : <br> **PENNSYLVANIA CULINARY** : <br> **GROUP, LLC,** : <br> **Nominal Defendant** : | **CIVIL NO. 1:CV-08-0045** <br><br> **JUDGE SYLVIA H. RAMBO** |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) The court finds that Pennsylvania Culinary Group, LLC is a nominal party in this case, and the court retains subject matter jurisdiction.

(2) The parties shall submit briefs of no more than 5 pages in length concerning the admissibility of Plaintiff's exhibits 5-9 by no later than September 1, 2009. The parties may forgo the formality of a procedural history, and other introductory matters in their briefs.

(3) Jury selection remains scheduled for 9:30 a.m. on Tuesday, September 8, 2009 in Courtroom 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Trial will commence immediately after selection of the jury.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: August 25, 2009.